IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANY OCCASION, LLC and JANICE HICKS,

    Plaintiffs,

v.                                    Civil Action No. 5:10CV44
                                                 (STAMP)
FLORISTS' TRANSWORLD DELIVERY, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND,
ENTERING FIRST ORDER AND NOTICE
REGARDING DISCOVERY AND SCHEDULING
AND SETTING BRIEFING SCHEDULE FOR
DEFENDANT'S MOTION TO DISMISS**

I.  Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendant, in which the defendant asserts that federal jurisdiction exists pursuant to 28 U.S.C. § 1332. The plaintiffs commenced this civil action in the Circuit Court of Hancock County, West Virginia, contending that the defendant sold the plaintiffs a computer system that does not function properly. Specifically, the plaintiffs allege causes of action for cancellation of contract, breach of express and implied warranties, breach of the duty of good faith, revocation of acceptance, violations of the Magnuson-Moss Warranty Act, and violation of the West Virginia Consumer Credit and Protection Act ("CCPA"). Following removal of this action to this Court, the plaintiffs filed a motion to remand to which the defendant filed a

response. The plaintiffs did not file a reply. For the reasons set forth below, the plaintiffs' motion to remand is denied.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, normally exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## III. Discussion

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to show that the amount in controversy in this case is in excess of $75,000.00. This Court disagrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, normally exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151.

2

This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. In order to determine whether the jurisdictional amount is satisfied, the court must first look to the amount specified in the complaint. <u>Canterbury v. Scott</u>, 2010 WL 610052, at *2 (S.D. W. Va. Feb. 18, 2010) (citing <u>Wiggins v. North Am. Equitable Life Assurance Co.</u>, 644 F.2d 1014, 1016 (4th Cir. 1981)). When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional amount. <u>Id.</u>

In this case, the plaintiffs' complaint sets forth the specific amount of $74,500.00 in damages which includes the repair of the computer system sold to the plaintiffs, as well as the payment for any outstanding lost profits. (Def.'s Resp., Ex. A). Although $74,500.00 falls below the jurisdictional amount by $500.01, the plaintiffs' complaint also alleges additional damages. These damages are for violations of the West Virginia CCPA; compensation for annoyance, aggravation and inconvenience; compensation for plaintiffs' actual out-of-pocket expenses; and

compensation for reasonable attorney's fees, costs, and expenses as provided under the CCPA. Id. This Court finds that the defendant has shown by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirements. Mullins, 861 F. Supp. at 24.

First, should the plaintiffs be successful in the claims under the CCPA, they would be entitled to a minimum recovery of $200.00. See W. Va. Code § 46A-6-106 . Furthermore, it is more likely than not that the plaintiffs' claim for damages for out of pocket expenses, annoyance, inconvenience and aggravation, if recovered, would provide the additional $300.01 necessary to satisfy the jurisdictional amount requirement. See Landmark Corp. V. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996). Finally, although attorney's fees and costs are typically not included in a calculation of whether the jurisdictional amount has been satisfied, 28 U.S.C. § 1332, where a statute provides the award of attorney's fees to successful plaintiffs, such fees are to be considered in determining whether the jurisdictional amount has been met. Wall v. Fruehauf Trailer Servs., 123 F. App'x 572, 577 (4th Cir. 2005) (citing Missouri State Life Ins. Co. V. Jones, 290 U.S. 199, 202 (1933)). Accordingly, recovery of attorney's fees are available to the plaintiffs in this case under the West Virginia CCPA. W. Va. Code § 46A-5-104. Taken together, this

Court holds that the defendant has met its burden of proving that the amount in controversy meets the jurisdictional amount.

Additionally, this Court will not consider the plaintiffs' post-removal stipulation indicating that the amount in controversy falls below the jurisdictional amount. To be operative, a disclaimer must be "a formal, truly binding, <u>pre-removal</u> stipulation signed by counsel and his client explicitly limiting recovery." <u>McCoy v. Erie Ins. Co.</u>, 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001) (emphasis added).

Accordingly, in light of the foregoing claims taken directly from the plaintiffs' complaint, this Court finds by a preponderance of the evidence that the plaintiffs' claim is greater than $75,000.00.

## IV. <u>Conclusion</u>

For the reasons stated above, this Court concludes that the amount in controversy exceeds $75,000.00. Accordingly, the plaintiffs' motion to remand is hereby DENIED.

Furthermore, on May 20, 2010, this Court granted the parties' joint motion for extension of time, extending the time to file their Rule 26(f) report, as well as an extension of time to brief a motion to dismiss, until this Court ruled upon the plaintiffs' motion to remand. Because this Court has now denied the plaintiffs' motion to remand, pursuant to Federal Rule of Civil

5

Procedure 16(b) and 26(f) and Local Rules of Civil Procedure 16.01 and 26.01,[1] it is hereby ORDERED that:

1. <u>Initial Planning Meeting</u>: Pursuant to Federal Rules of Civil Procedure 16 and 26(f) and Local Rule of Civil Procedure 16.01(b), parties to this action shall meet in person or by telephone on or before **July 7, 2010**. At this meeting, the parties shall discuss all matters required by Federal Rules of Civil Procedure 16 and 26(f)[2] and Local Rule of Civil Procedure 16.01(b).

2. <u>Meeting Report and Proposed Discovery Plan</u>: Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Civil Procedure 16.01(c), the parties shall file at the Clerk's Office a written report on the results of the initial discovery meeting on or before **July 14, 2010**. This report shall include the parties' report on those matters set forth in Local Rules of Civil Procedure 16.01(b)(1)-(5) and (c) and the parties' discovery plan as required by Federal Rule of Civil Procedure 26(f). The parties may refer to Form 52 of the Federal Rules of Civil Procedure for an example of

---

[1] Reference to these and other local rules are to the Local Rules as revised and made effective April 8, 2009.

[2] The parties are reminded that effective December 1, 2006, Rule 26(f) has been amended to require the parties to address: (1) any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced; and (2) any issues relating to claims of privilege or protection as to trial preparation material including, if the parties agree on a procedure to assert such claims after production, whether to ask the Court to include their agreement in an order. <u>See</u> Revised Form 52, Federal Rules of Civil Procedure (Report of Parties' Planning Meeting).

a report on a planning meeting. However, the parties should be certain to supplement Form 52 with Local Rules of Civil Procedure 16.1(b)(1)-(5) and (c) disclosures. The parties' report on their meeting shall be considered by this Court as advisory only. Parties and counsel are subject to sanctions as set forth in Local Rule of Civil Procedure 37.01 for failure to participate in good faith in the development and submission of a meeting report and proposed discovery plan.

3. <u>Scheduling Conference/Scheduling Order</u>: Upon receipt of the meeting report and proposed discovery plan, this Court may conduct a scheduling conference at a date and time deemed appropriate. <u>See</u> Fed. R. Civ. P. 16(b) and LR Civ P 16.01(d). However, if this Court determines, after a review of the meeting report and proposed discovery plan that a scheduling conference is not necessary, no conference will be scheduled and a scheduling order will be entered. <u>See</u> Fed. R. Civ. P. 16 (b) and LR Civ P 16.01(c). Pursuant to Local Rule of Civil Procedure 16.01(e), a scheduling order will be entered on or before **July 28, 2010**.

4. <u>Initial Discovery Disclosures</u>: Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule of Civil Procedure 26.01(a), each party shall provide to every other party the initial discovery disclosures required under Federal Rule of Civil Procedure 26(a)(1) on or before **August 4, 2010**.

Additionally, the plaintiffs shall file any response to the defendant's motion to dismiss Count V of the plaintiffs' complaint (Doc. No. 12) on or before **June 30, 2010**.  The defendant shall file any reply on or before **July 12, 2010**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein.

DATED:    June 15, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE