IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANY OCCASION, LLC and JANICE HICKS,

    Plaintiffs,

v.                                         Civil Action No. 5:10CV44
                                                      (STAMP)
FLORISTS' TRANSWORLD DELIVERY, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS
COUNT V OF PLAINTIFFS' COMPLAINT**

I. Background

The plaintiffs[1] filed a complaint in the Circuit Court of Hancock County, West Virginia alleging that a computer system installed by the defendant had malfunctioned, causing lost data, lost account receivables, and other deficiencies that hindered the plaintiffs' business. According to the plaintiffs, the defendant ignored their requests to repair/replace the computer system. Count V of the complaint alleges unfair and deceptive acts and practices and violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA").

The defendant filed a motion to dismiss Count V of the plaintiffs' complaint. In support of the motion to dismiss, the

---

[1]The complaint, filed in the Circuit Court of Hancock County, West Virginia, lists two plaintiffs in the style of the case: (1) Any Occasion, LLC; and (2) Janice Hicks. However, the body of the complaint refers to both "plaintiffs" and "plaintiff." This discrepancy is carried throughout the motion to dismiss, the response, and the reply. This Court assumes that both Any Occasion, LLC and Janice Hicks are still parties to this case includes them both in its analysis of the motion to dismiss.

defendant argues that the plaintiffs failed to allege a viable cause of action under the WVCCPA for two reasons: (1) the WVCCPA defines a consumer as a natural person, and Any Occasion, LLC ("Any Occasion") is not a natural person; and (2) the computer system that is the subject matter of the suit was not purchased as part of a consumer transaction as defined by the WVCCPA.  In response to the defendant's motion to dismiss, the plaintiffs argue that the WVCCPA's definition of consumer includes a limited liability company engaged in commerce, such as Any Occasion.  The plaintiffs contend that the Court's interpretation of the WVCCPA should be guided by the provisions of the Federal Trade Commission Act ("FTCA").  The plaintiffs allege that because the Federal Trade Commission has construed the term "consumer" to include businesses as well as individuals, the WVCCPA should also be construed to allow actions by business organizations.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).  Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'"  Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969));

see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45. Thus, to survive a motion to dismiss, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Bell Atlantic v. Twombly, 550 U.S. 544, 562 (2007).

III. Discussion

A. Cause of Action under the WVCCPA

The WVCCPA provides that consumers may bring private causes of action against an individual or business for any allegedly unfair method of competition or deceptive acts or practices. W. Va. Code § 46A-6-106. The WVCCPA defines consumer as "a natural person to whom a sale or lease is made in a consumer transaction." W. Va. Code § 46A-6-102(2). Moreover, the WVCCPA defines a consumer transaction as "a sale or lease to a natural person or persons for a personal, family, household or agricultural purpose." Id. In this case, the plaintiffs have failed to allege a viable cause of action under the WVCCPA.

Neither plaintiff can successfully bring a claim under the WVCCPA because the computer system that is the subject matter of the suit was not purchased as part of a consumer transaction as defined by the WVCCPA. W. Va. Code § 46A-6-102(2). Rather, the plaintiffs' complaint states that they purchased the computer system "in order . . . to conduct their floral business, including but not limited, to collect customer orders, accounts receivable and payment." (Compl. ¶ 4.) The plaintiffs failed to allege that the defendant sold them a product for personal, family, household, or agricultural purposes as required by the WVCCPA. See Davis v. DILS Motor Co., 566 F. Supp. 1360, 1364 n.16A (S.D. W. Va. 1983) (finding that the plaintiffs' purchase of a tractor from the

defendants was not a consumer transaction inasmuch as the plaintiffs were then operating a trucking business).

Further, Any Occasion cannot bring a cause of action against the defendant under the WVCCPA because Any Occasion is not a consumer as defined by the West Virginia Code § 46A-6-102(2). The WVCCPA defines consumer as a natural person. Id. Any Occasion is not a natural person, but rather, as alleged in the complaint, a limited liability corporation. (Compl. ¶ 1.) Even though plaintiff, Janice Hicks, fits the WVCCPA's definition of consumer, her WVCCPA claim fails for the reasons stated above.

B.  Comparison to the FTCA

The plaintiffs argue that the WVCCPA appears contradictory with respect to who may bring a civil action for a violation. (Pls.' Resp. 2.) On one hand, a person, which the WVCCPA defines to include an organization, may bring an action, but on the other hand, the WVCCPA states that only a consumer, defined as a natural person, may bring a civil action. Compare W. Va. Code § 46A-1-102(31) (defining person as a natural person or an individual, and an organization), with W. Va. Code § 46A-6-106 (stating that consumers may bring actions) and W. Va. Code § 46A-6-102(2) (defining consumer as a natural person). The plaintiffs argue that the federal courts' interpretation of the FTCA should guide this Court in interpreting the alleged ambiguities in the WVCCPA. According to the plaintiffs, courts have held that the term consumer in the FTCA includes businesses as

well as individuals; therefore, the WVCCPA's definition of consumer should be interpreted to include businesses as well as individuals. (Pls.' Resp. 4.)

Whether the definition of consumer also includes business entities is immaterial because the plaintiffs have failed to establish that the computer system was sold to them for a personal, family, household, or agricultural purpose. Plaintiffs specifically allege that they brought suit against the defendant because the defendant provided them with a defective computer system for use in their florist shop business. (Compl. ¶ 4); see also McLaughlin v. Chrysler Corp., 262 F. Supp. 2d 671, 682 (N.D. W. Va. 2002) (holding that a buyer was not a "consumer" as defined by West Virginia's "Lemon Law" where the vehicle was purchased and used primarily for business purposes). The WVCCPA clearly defines consumer as a natural person -- this definition does not include limited liability corporations. Thus, the plaintiffs' argument that the statutory language is ambiguous fails.

The plaintiffs' reference to the FTCA's definition of consumer is misplaced. The FTCA provides that the Federal Trade Commission may commence a civil action against any person, partnership, or corporation that engages in any unfair or deceptive act or practice. 15 U.S.C. § 57b. Additionally, the FTCA states that the court may "grant such relief as . . . necessary to redress injury to consumers or other persons, partnerships, and corporations resulting from the rule violation or the unfair or deceptive act or

practice." 15 U.S.C. § 57b(b). By its statutory language, the scope of the FTCA is more broad than the WVCCPA, which applies only to natural persons. A comparison between the two is not helpful in this case. Accordingly, the defendant's motion to dismiss Count V of plaintiffs' complaint is granted.

## IV. Conclusion

For the reasons stated above, the defendant's Rule 12(b)(6) motion to dismiss Count V of plaintiffs' complaint is hereby GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: September 13, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE